**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| John Thomas Myser, Jr., Citizen of "The State of Minnesota," A.D. 1858, a Republic, one of the several states of the American Union, A.D., 1789-1791,<br><br>Petitioner,<br><br>v.<br><br>State of Minnesota,<br><br>Respondent. | Case No. 14-cv-2587 (DSD/HB)<br><br><br><br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

Petitioner John Thomas Myser, Jr. filed a petition for a writ of habeas corpus on July 1, 2014. He did not, however, pay the $5.00 filing fee or submit an application to proceed *in forma pauperis* ("IFP"). On July 30, 2014, Myser was ordered to either pay the requisite filing fee or submit an IFP application by no later than August 20, 2014, failing which this Court would recommend dismissal of Myser's petition for failure to prosecute. [Doc. No. 4.]

Myser neither filed an IFP application nor paid the filing fee by August 20, 2014. But because the July 30, 2014, Order requiring Myser to pay the filing fee was returned to the Clerk of Court as undeliverable, this Court did not recommend dismissal of Myser's petition at that time. Instead, in an Order dated August 28, 2014, this Court extended the deadline for Myser to file an IFP application or pay the filing fee to

September 19, 2014.  [Doc. No. 7.]  The Court also directed the Clerk of Court to mail the July 30, 2014, and August 28, 2014, Orders to two additional addresses for Myser located in the record.

The September 19, 2014, deadline has now passed, and Myser has again neither paid the filing fee nor submitted an IFP application.  Myser has not offered any explanation for his failure to comply with the deadlines set by this Court.  Indeed, Myser has not communicated at all with the Court since filing his habeas petition.  Accordingly, it is now recommended—in accordance with the Court's prior orders in this case—that Myser be deemed to have abandoned this action and that this case be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.  *See Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

Accordingly, based on all the files, records, and proceedings herein **IT IS HEREBY RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

Dated:  September 29, 2014         s/ *Hildy Bowbeer*
                                   HILDY BOWBEER
                                   United States Magistrate Judge

## NOTICE

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 17, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within fourteen days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A district judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Eighth Circuit Court of Appeals.